1    Kirby G. Smith

2    The Vaughn Law Firm, LLC

3    246 Sycamore Street, Suite 150

4    Decatur, GA 30030

5    Phone 404-378-1290

6    Fax 404-378-1295

7    ksmith@thevaughnlawfirm.com

8    GA Bar No. 250119

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 21 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  LRCiv P 5.4
(Rule Number/Section)

9    **IN THE UNITED STATES DISTRICT COURT**

10    **FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| 11  **Gerald Morgan,** | ) | CASE NUMBER WILL BE |
| 12     **Plaintiff;** | ) | ASSIGNED AT TIME OF |
| 13 | ) | FILING |
| 14  **v.** | ) | |
| 15 | ) | |
| 16  **Anthony Foxx,** | ) | **COMPLAINT** |
| 17  **Secretary,** | ) | |
| 18  **Department of Transportation,** | ) | CV-16-04036-PHX-DLR |
| 19     **Defendant.** | ) | |
| 20 | ) | |

21

22    **<u>COMPLAINT</u>**

23    COMES NOW Plaintiff, Gerald Morgan, by and through undersigned

24  counsel, The Vaughn Law Firm, LLC, and hereby files this Complaint for

25  Damages against Anthony Foxx, Secretary of the Department of Transportation

26  (hereinafter "Agency" or "Defendant"), and states as follows:

**JURISDICTION**

1.

Plaintiff brings this action for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) et seq. ("Title VII"). Plaintiff seeks declaratory, individual and systematic injunctive relief; actual and compensatory damages; attorney's fees; and costs of litigation for said discrimination, and retaliation.

2.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII or the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) et seq.

3.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of Title VII or the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) et seq.

4.

Mr. Morgan made timely initial contact with an EEO counselor on November 26, 2012.

5.

Mr. Morgan received his Notice of Right to File a Formal Complaint of

1  Discrimination on January 28, 2013.

2                                    6.

3     Mr. Morgan filed a Formal Complaint of Discrimination in EEOC case

4  number 540-2013-00205X on February 8, 2013.

5                                    7.

6     Mr. Morgan received his right to request an EEOC administrative hearing in

7  this matter on June 19, 2013.

8                                    8.

9     Mr. Morgan requested a hearing in this matter on June 24, 2013.

10                                    9.

11    Mr. Morgan amended his EEO complaint on August 19, 2013, to include one

12  additional claim of retaliation occurring on June 10, 2013.

13                                   10.

14    Mr. Morgan's amendment to his complaint was accepted on April 14, 2014.

15                                   11.

16    Mr. Morgan withdrew his request for an administrative hearing on April 8,

17  2016.

18                                   12.

19    The Agency issued a Final Agency Decision in this matter, received

20  September 29, 2016. The Decision found no discrimination in this matter.

1

                                               13.

2        Mr. Morgan has properly exhausted his administrative remedies in this case

3  and is eligible to bring said action before the District Court.

4                                             14.

5        Mr. Morgan is a resident of the State of Arizona, Maricopa County, and is an

6  employee of the Department of Transportation, Central Arizona SSC in Tempe,

7  AZ.

8                                           15.

9        Defendant, Anthony Foxx, is the Secretary of the Department of

10  Transportation.  He may be served process through the Attorney General of the

11  United States, the United States Attorney's Office for the District of Arizona, and

12  Federal Aviation Administration.

13                                     16.

14        Defendant is subject to the requirements of Title VII.

15                                     17.

16        Venue lies in the District of Arizona under 28 U.S.C. §1391(b), and this case

17  resides in the Tempe Division of this Court.

18                                     18.

19        All of the acts, omissions and events complained of herein took place within

20  the District of Arizona.

# **COMPLAINT**

19.

Plaintiff's race is Caucasian.

20.

Plaintiff's prior protected activity includes the filing of the current Complaint.

21.

Plaintiff's first-line supervisor is Ms. Mary Hart (Caucasian).

22.

Plaintiff's second-line supervisor is Mr. Steve Sherwood (Caucasian).

23.

During all times covered by the Complaint, Plaintiff worked as an Airway Transportation Systems Specialist (ATSS), FV-2101-H.

24.

Plaintiff has held this position with the FAA for 26 years.

25.

On July 26, 2012, Plaintiff was approached by Mr. Will Younger (African-American male) who asked why Plaintiff was in Mr. Younger's work location.

26.

When Plaintiff informed Mr. Younger to mind his own business, Mr. Younger stated, "Is that how you want to play it?"

27.

Plaintiff reported the incident to Ms. Hart.

28.

The preceding incident overlapped with issues Mr. Younger was having with Mr. Larry Riley (Caucasian male).

29.

Ms. Hart informed her supervisor and Plaintiff's second-line supervisor, Mr. Sherwood, of the situation.

30.

Mr. Sherwood met with Plaintiff on or about August 12, 2012, to discuss the incident.

31.

During the meeting, Plaintiff informed Mr. Sherwood that he was considering filing an EEO complaint on the issue.

32.

Mr. Sherwood recommended to Plaintiff that he not file the Complaint because he didn't have a case and because a lot of "good people" could be hurt.

1          33.

2          Mr. Sherwood instead suggested mediation, to which Plaintiff agreed.

3          34.

4          Ms. Hart then asked if Plaintiff would take part in the mediation scheduled

5   between Mr. Younger and Mr. Riley. Plaintiff agreed.

6          35.

7          In mediation number 1, Mr. Younger stated that he was only joking during

8   the initial incident. Both parties shook hands and the issue appeared resolved.

9          36.

10         During a post-mediation out-brief, Mr. Younger recanted his prior statement

11   and claimed that Mr. Morgan harassed him.

12         37.

13         After this incident, Plaintiff was feeling dizzy and went to his doctor, who

14   told him that his blood pressure was reaching the point of a stroke.

15         38.

16         In mediation number 2, Mr. Younger claimed that Plaintiff was a racist.

17         39.

18         In late September, 2012, Ms. Leslie Jones (Caucasian female) conducted a

19   one-on-one meeting with Plaintiff to discuss his issues at work.

20

1          40.

2          Ms. Jones voluntarily entered Plaintiff's work vehicle and rode along with

3     him as he performed his job duties.

4          41.

5          Plaintiff took Ms. Jones to the Phoenix VORTAC where they discussed his

6     military background and his frustrations at work.

7          42.

8          Plaintiff explained an incident with Mr. Carpenter and Mr. Riley at the

9     Tempe field office. Plaintiff stated that situations of that type needed to be handled

10    properly or someone could come back with a knife or gun and kill someone.

11         43.

12         Plaintiff also used slang terms common among military veterans during the

13    meeting.

14         44.

15         The combination of these two things made Ms. Jones uncomfortable.

16         45.

17         Ms. Jones claimed that Plaintiff blocked the only exit to the VORTAC

18    during their conversation.

19         46.

20    All VORTAC facilities have two entrances and two exits.

1                          47.

2       At no point did Plaintiff threaten Ms. Jones.

3                          48.

4       On or about October 1, 2012, Plaintiff asked Ms. Hart to separate him from

5  Mr. Younger to avoid further conflict.

6                          49.

7       On October 1, 2012, Ms. Jones met with Mr. Mal Coughlan and provided the

8  results of her meeting with Plaintiff.

9                          50.

10      On October 4, 2012, Ms. Hart informed Plaintiff that he would be moved to

11  VORTAC duties to minimize Plaintiff and Mr. Younger working together. If both

12  men were to be present at the same location, a third party would be brought in

13  whenever possible to monitor the situation.

14                        51.

15      There were no complaints from Plaintiff or Mr. Younger regarding this new

16  setup.

17                        52.

18      At no point did Plaintiff or Mr. Younger interact with each other during this

19  time period.

20

1     53.

2     On October 9, 2012, the EEO counselor notified Ms. Hart of Mr. Morgan's

3     EEO complaint via e-mail.

4     54.

5     Mr. Sherwood was informed of the complaint by Ms. Hart via e-mail that

6     same day.

7     55.

8     On October 11, 2012, Ms. Hart informed Plaintiff verbally that management

9     received the information about his EEO case and that Mr. Sherwood would be

10    presenting Plaintiff with a letter. Ms. Hart stated that she had read the letter and

11    that it sounded, "harsh."

12    56.

13    On October 16, 2012, Plaintiff met with Mr. Sherwood. During the meeting,

14    Mr. Sherwood told Plaintiff that he did not understand why Plaintiff had to file an

15    EEO complaint after he was told not to do so; that the EEO complaint would not

16    make a difference anyway; that the situation was now out of Mr. Sherwood's

17    hands; and that he was very disappointed in Plaintiff.

18    57.

19    Plaintiff was provided with a letter informing him that he had been

20    reassigned from the Central Arizona SSC (at PHX airport) to the Southern Arizona

1    SSC (at TUS airport). His only options were to accept the reassignment, resign, or

2    be terminated.

3                       58.

4    Plaintiff's old and new work assignments were 133 miles apart by car.

5                       59.

6    On January 18, 2013, Plaintiff was told by the EEO counselor handling his

7    case that he had spoken to Ms. Hart and that she was going to work with Plaintiff

8    to return his sick leave, separate Plaintiff from Mr. Younger, and return him from

9    his reassignment at the Southern AZ SSC.

10                    60.

11    On January 20, 2013, Plaintiff was informed by his EEO counselor that Mr.

12    Sherwood rejected his request and nothing would change.

13                    61.

14    On January 28, 2013, Plaintiff received his Notice of Right to File. On

15    February 8, 2013, Plaintiff filed his Formal Complaint of Discrimination.

16                    62.

17    On February 19, 2013, Plaintiff was injured in a car accident en route from

18    the Southern AZ SSC. Due to the accident, he was forced to miss work until March

19    25, 2013.

20

1                                     63.

2       Plaintiff also filed for worker's compensation on February 20, 2013.

3                                     64.

4       On March 7, 2013, Plaintiff received a letter from Mr. Sherwood stating that

5 his doctor's letter was insufficient and that he "may" be removed from sick leave.

6                                     65.

7       When Plaintiff returned from worker's compensation, management claims

8 that he was returned to the Central AZ SSC and contact between himself and Mr.

9 Younger was limited.

10                                   66.

11       On June 10, 2013, after returning to work, Plaintiff's duty location changed

12 to the Central AZ SSC.

13                                   67.

14       Plaintiff was provided with a round table instead of a desk upon returning.

15 There is no network connection for connecting a work computer to the

16 internet/intranet.

17                                   68.

18       Plaintiff is the only comparable employee at his work site using such a table.

19

20

1          69.

2          Plaintiff asked if a desk was available and was told that a desk was available

3   by Ms. Hart on June 24, 2013.

4          70.

5          When Plaintiff inquired further about the desk, he was ignored.

6          71.

7          Plaintiff only received a standard work desk – his prior work desk – upon the

8   promotion of the employee occupying it.

9          72.

10         Management alleges the following reasons for reassigning Plaintiff to the

11  Southern AZ SSC: (1) Preparation for the NASTEP; (2) the location was no further

12  a distance than what may have been required within the Central AZ SSC; (3) Ms.

13  Jones reported that Plaintiff had become angry toward the Central AZ SSC and

14  therefore needed to be separated from all co-workers at that location; and (4)

15  because Plaintiff asked to be separated from Mr. Younger.

16         73.

17         Mr. Robert Cramb, Southern AZ SSC Manager, never requested any help

18  with NASTEP.

19

20

1          74.

2          Multiple other employees holding the same job title and pay band were also

3     available to help with NASTEP.

4          75.

5          Plaintiff was never required to travel outside of the Phoenix area for work

6     unless provided with a per diem and overnight accommodations.

7          76.

8          During the time period in question, Plaintiff was not provided a per diem for

9     making the trip and was not allowed to stay overnight multiple nights to avoid

10    driving over 200 miles daily.

11         77.

12         Other similarly-situated employees were provided these benefits.

13         78.

14         In prior instances, Plaintiff had been asked to help with NASTEP in other

15    locations. Plaintiff always agreed to do so and was given travel and per diem.

16         79.

17         Other than Mr. Younger, no other employees complained about Plaintiff

18    harassing or threatening them.

19         80.

20         Management did nothing to further investigate Ms. Jones' statement.

81.

Plaintiff made it apparent that he was unhappy with the reassignment to the Southern AZ SSC.

82.

Plaintiff was happy with the accommodation previously created by Ms. Hart.

83.

The Agency had no way of confirming that Plaintiff's reassignment to the Southern AZ SSC was guaranteed to keep Plaintiff and Mr. Younger separated.

84.

There were multiple other methods the Agency could have used to separate Plaintiff and Mr. Younger for all intensive purposes.

85.

Management involved with the reassignment decision includes Mr. Sherwood, Ms. Hart, and Mr. Mal Coughlin (Caucasian male).

86.

Mr. Younger was not reassigned.

87.

There were other employees with the same position title and pay band as Mr. Younger available to take his place at the Central AZ SSC had he been reassigned.

1                             88.

2      Mr. Sherwood has not administratively reassigned any other ATSS

3  employees in the past four years.

### V. CLAIMS FOR RELIEF

### COUNT I: Violation of 42 U.S.C. §§2000(e) et seq.
### Title VII-Race Discrimination

89.

9      Plaintiff incorporates by reference paragraphs 1-88 of his Complaint as if

10  fully set forth herein.

11                          90.

12      Plaintiff is a member of a protected class as a Caucasian.

13                          91.

14      The conduct of Defendants outlined in paragraphs 1-88 constitute adverse

15  actions against Plaintiff.

16                          92.

17      The legitimate business reason provided by the Agency is illegitimate.

18                          93.

19      The Agency's actions described in paragraphs 1-88 provide evidence of

20  pretext.

21
22
23

## COUNT III: Violation of 42 U.S.C.§2000(e) et seq.
## Title VII-Retaliation

94.

Plaintiff incorporates by reference paragraphs 1-93 of his Complaint as if fully set forth herein.

95.

Plaintiff engaged in protected conduct as outlined in paragraphs 1-88.

96.

The conduct of Defendants outlined in paragraphs 1-88 constitute adverse actions against Plaintiff.

97.

The legitimate business reason provided by the Agency is illegitimate.

98.

The Agency's actions described in paragraphs 1-88 provide evidence of pretext.

## DAMAGES

99.

Plaintiff incorporates by reference paragraphs 1-98 of his Complaint as if fully set forth herein.

100.

1      But for the Defendants' discriminatory and retaliatory acts, Plaintiff would not have been traveling to Southern AZ SSC when he was injured in an automobile accident.

101.

But for the Defendants' discriminatory and retaliatory acts, Plaintiff would not have been forced to visit his doctor on multiple occasions, requiring him to utilize his leave.

102.

But for Defendants' discriminatory and retaliatory acts, Plaintiff would not have seen his medical conditions worsen as they have.

103.

Defendant has further been subjected to pain and suffering as a result of the Defendants' discriminatory and retaliatory acts.

104.

As a result of Defendants' actions, Plaintiff is entitled to actual damages to include loss of pay while injured and restoration or reimbursement of leave used while managing medical conditions worsened by Defendants' actions.

105.

As a result of Defendants' actions, Plaintiff is entitled to be reimbursed his attorney fees and costs of litigation.

1          106.

2          As a result of Defendants' actions, Plaintiff is entitled to compensatory

3     damages for pain and suffering.

4                              **<u>PRAYER FOR RELIEF</u>**

5          WHEREFORE, Plaintiff prays that this Honorable Court grant the following

6     relief:

7          A.       For a trial by jury;

8          B.       For a finding that Defendant violated Plaintiff's rights as set forth

9               herein;

10         C.       For a judgment in Plaintiff's favor for reimbursement of lost

11              wages, reimbursement or restoration of leave, compensatory damages,

12              attorney fees, and costs in accordance with Title VII; and

13         D.       Any such other and further relief as this Court deems proper and

14              just.

15

16

1   Respectfully submitted this 18th day of November, 2016.

2                                  The Vaughn Law Firm, LLC

3

4                                  Kirby G. Smith

5                                  Georgia Bar No. 250119

6

7   246 Sycamore Street

8   Suite 150

9   Decatur, Georgia 30030

10  phone: 404-378-1290

11  facsimile: 404-378-1295

12  ksmith@thevaughnlawfirm.com

13

# FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the foregoing Complaint was prepared in accordance with LR 7.1.

Respectfully submitted this 18th day of November, 2016.

The Vaughn Law Firm, LLC

Kirby G. Smith
Georgia Bar No. 250119

246 Sycamore Street
Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295
ksmith@thevaughnlawfirm.com