**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Morgan, | No. CV-16-04036-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Elaine Chao, Secretary, Department of Transportation, | |
| Defendant. | |

In November 2016, Plaintiff Gerald Morgan filed suit in this Court, alleging claims under Title VII of the Civil Rights Act of 1964. (Doc. 1.) On April 26, 2018, the Court entered judgment in favor of Defendant and against Morgan. (Doc. 74.) Morgan has appealed the Court's decision and has filed a motion pursuant to Federal Rule of Civil Procedure 62 asking the Court stay the judgment on taxation of costs pending appeal. (Doc. 80.) For the reasons that follow, Morgan's motion is granted.

Morgan seeks a stay of judgment on taxation of costs pending appeal under Rule 62(d). Rule 62(d) provides that a party may obtain a stay of a money judgment by posting a supersedeas bond. In certain circumstances a district court may waive the bond requirement and still stay the judgment. Because "[t]he posting of a bond is itself a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money," the moving party must demonstrate the reasons for departing "from the usual requirement of a full security supersedeas bond[.]" *Biltmore Associates, L.L.C. v.*

*Twin City Fire Ins. Co.*, No. 05-CV-4220-PHX-FJM, 2007 WL 2422053, *1 (D.Ariz. Aug. 22, 2007) (internal quotation and citation omitted). When determining whether to waive the posting of bond, the Court looks to several criteria, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay costs; (4) whether the plaintiff's ability to pay the costs is so plain that the cost of a bond would be a waste of money; and (5) whether the plaintiff is in such a precarious financial situation that the requirement to post a bond would place other creditors of in an insecure position. *See Dillon v. City of Chi.*, 866 F.2d 902, 904-905 (9th Cir. 1988).

Here, Morgan has demonstrated a number of these criteria support waiving the bond. For instance, Morgan contends that the bond should be waived because his "wage grade is on the record and this salary information proves that he has the ability to pay the judgment" and that, as his employer, Defendant "has the ability to collect if . . . necessary." (Doc. 80 at 2.) Accordingly,

**IT IS ORDERED** that Morgan's motion (Doc. 80) is **GRANTED**. The Clerk of Court is directed to stay judgment on taxation of costs pending appeal. Dated this 15th day of October, 2018.

Douglas L. Rayes
United States District Judge