**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Morgan, | No. CV-16-04036-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Elaine Chao, Secretary, U.S. Department of Transportation, | |
| Defendant. | |

This matter returns to the Court from the Ninth Circuit's mandate directing the Court to decide whether Plaintiff has established a prima facie case of retaliation. (Doc. 89-1 at 2.) The Court relies on the parties' summary judgment briefing (Docs. 62, 66, 69), which more than adequately addresses the issue, to make this determination. For the following reasons, the Court finds that Plaintiff has established a prima facie case of retaliation and, therefore, summary judgment for Defendant is not appropriate.

**I. Background**[1]

On April 26, 2018, the Court granted summary judgment in favor of Defendant on Plaintiff's claims of unlawful discrimination and retaliation under Title VII. (Doc. 74.) Plaintiff appealed the grant of summary judgment on his retaliation claim, as well as an earlier order dismissing his claim for damages arising from an on-the-job car accident.

---

[1] A more detailed recitation of facts may be found in the Court's April 26, 2018 order granting Defendant's motion for summary judgment. (Doc. 74 at 3-6.)

(Doc. 79.) The Ninth Circuit affirmed the Court's dismissal of Plaintiff's accident-related Title VII claim, but vacated and remanded the decision on Plaintiff's retaliation claim, finding that the Court erred in granting summary judgment based on Plaintiff's failure to establish that the Federal Aviation Administration's ("FAA") legitimate nondiscriminatory reasons for his job reassignment were pretextual. (Doc. 89-1 at 2.) When ruling on Defendant's summary judgment motion, the Court assumed (without deciding) that Plaintiff had demonstrated a prima facie case of retaliation. (Doc. 74 at 8.) The Ninth Circuit therefore directed the Court on remand to decide whether Plaintiff established a prima facie case of retaliation such that his claim survives summary judgment.[2]

**II. Legal Standard**

To establish a prima facie case of retaliation in violation of Title VII, a plaintiff must show that (1) he engaged in protected activity; (2) he thereafter was subjected by his employer to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)).

**III. Analysis**

Plaintiff has established a prima facie case that Defendant unlawfully retaliated against him by reassigning him to the Southern Arizona System Support Center ("SSC") in response to his participation in the EEO complaint process. (Docs. 66 at 3- 6; 1 at 17.)

First, Plaintiff engaged in protected activity by expressing his intent to and by submitting an EEO complaint. *Ray v. Henderson*, 217 F. 3d 1234, 1240 (9th Cir. 2000); s*ee also Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978) ("It is well settled that the participation clause shields an employee from retaliation regardless of the

---

[2] On appeal, Plaintiff evidently abandoned his claim that he was discriminated against on account of his race. Consequently, the Ninth Circuit's decision speaks only to Plaintiff's retaliation claim. (Doc. 89-1 at 2 ("[W]e vacate the district court's order granting summary judgment and remand for the district court to decide in the first instance whether [Plaintiff] established a prima facie case of retaliation.")). The Court therefore will not revisit its decision granting summary judgment for Defendant on Plaintiff's discrimination claim.

merit of his EEOC charge.").

Second, the FAA subjected Plaintiff to an adverse employment action by reassigning him from the Central Arizona SSC to the Southern Arizona SSC location. A materially adverse employment action is any action that might well deter a reasonable employee from engaging in future protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 54 (2006) ("The anti-retaliation provision seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms by prohibiting employer actions that are likely to deter discrimination victims from complaining to the EEOC"). Plaintiff's reassignment substantially increased his daily drive to over 266 miles round-trip. (Doc. 66 at 4.) Such a lengthy and tiresome routine might reasonably deter an employee from engaging in future protected activity.

Third, Plaintiff has established a causal link between the protected activity and the adverse employment action. As underscored by the Ninth Circuit, Plaintiff declared that his supervisor told him, "I don't know why you have to file EEO, after [I] told you not to," "I am very disappointed at you," and "You are driving to Tucson every day now. I have to show that I did something!" (Doc. 89-1 at 2.) A causal link may also be inferred because the FAA decided to reassign Plaintiff little more than a week after becoming aware of Plaintiff's intent to file an EEO complaint. *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) ("The causal link can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action."). Specifically, on September 24, 2012, Plaintiff emailed his supervisor, Mary Hart, notifying her that he intended to file an EEO complaint. (Doc. 63 at 5.) Ms. Hart thereafter forwarded the complaint. (*Id*.) On October 2, 2012, Steven Sherwood, Plaintiff's second line supervisor, issued an email relaying the decision to reassign Plaintiff to the Southern Arizona SSC. (*Id.* at 7.)

Because Plaintiff has established a prima facie case of retaliation, and in light of the Ninth Circuit's conclusion that Plaintiff has raised a genuine issue of fact as to pretext, Plaintiff's retaliation claim survives summary judgment.

**IT IS ORDERED** that the parties appear for a telephonic conference on **November 22, 2019 at 10:00 a.m.** before Judge Douglas L. Rayes to discuss setting a trial date and other pretrial deadlines. Counsel for Plaintiff is responsible for making the necessary arrangements for the conference call. All parties participating shall do so via landline only. The use of cellular phones will not be permitted.

Dated this 14th day of November, 2019.

Douglas L. Rayes
United States District Judge