**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Morgan, | No. CV-16-04036-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Elaine Chao, | |
| Defendant. | |

  Before the Court is Defendant's motion in limine no.3 ("MIL 3") seeking to bar argument that Plaintiff engaged in protected activity prior to September 24, 2012. (Docs. 104, 105.) The Court heard argument during its May 18, 2020 final pretrial conference and took MIL 3 under advisement. (Doc. 114.) For the following reasons, Defendant's motion is granted.

  Defendant seeks to bar argument that Plaintiff engaged in protected activity prior to September 24, 2012, the date in which he notified his first-line supervisor that he planned to file an EEO complaint against a coworker, Will Younger. Particularly, Plaintiff intends to argue that he engaged in protected activity—for which he was retaliated against—on August 12, 2012, the date in which he reported to his second-line supervisor that he was considering filing an EEO complaint in response to a conversation that occurred between Mr. Younger and himself on July 26, 2012. During the July conversation, Mr. Younger, a Black man, asked Plaintiff, a White man, why he was at Mr. Younger's work location, to

which Plaintiff replied that it was none of Mr. Younger's business. Allegedly, Mr. Younger then commented, "is that how you want to play it?" and walked away. Plaintiff asserts that he believed the "is that how you want to play it?" comment was racially discriminatory and that his August 12, 2012 complaint to his second-line supervisor about the behavior constituted protected activity for which he was later retaliated against. Defendant argues that introduction of such argument is improper because the August 12, 2012 complaint was not and cannot qualify as protected activity.

Protected activity includes opposing an employer's discriminatory practices. *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185,1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)). To engage in qualifying opposition to an employer's discriminatory practices, the employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII. *Clark County v. Breeden,* 532 U.S. 268, 271, 121 S.Ct. 1508, 1509-10 (2001); *Taylor v. ScottPolar Corp.*, 995 F. Supp. 1072, 1077 (D. Ariz. 1998) (citation omitted). No reasonable person could have believed that the Title VII race discrimination provision was implicated by Mr. Young's comment. Because Plaintiff could not have reasonably believed that Mr. Young's comment was unlawful under Title VII, his August 12, 2012 complaint to his second-line supervisor cannot, as a matter of law, constitute protected activity. Consequently, Plaintiff is precluded from making any argument that he engaged in protected activity prior to September 24, 2012.

**IT IS ORDERED** that Defendant's MIL 3 (Doc. 104) is **GRANTED.** Plaintiff may not argue during trial that he engaged in protected activity prior to September 24, 2012.

Dated this 30th day of September, 2020.

Douglas L. Rayes
United States District Judge