**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Morgan,<br><br>    Plaintiff,<br><br>v.<br><br>Anthony Foxx, et al.,<br><br>    Defendants. | No. CV-16-04036-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's motion for certification for interlocutory appeal, which is fully briefed. (Docs. 116, 118, 120.) For the following reasons, Plaintiff's motion is denied.

**I. Background**

On April 20, 2020, Defendant filed motion in limine no. 3 to bar argument that Plaintiff engaged in protected activity prior to September 24, 2012. (Doc. 104.) Specifically, Plaintiff intended to argue that he engaged in protected activity—for which he was retaliated against—on August 12, 2012 by reporting to his second-line supervisor that he was considering filing an EEO complaint in response to a conversation that occurred between a fellow employee, Will Younger, and himself on July 26, 2012. During the July conversation, Mr. Younger, a Black man, asked Plaintiff, a White man, why he was at Mr. Younger's work location, to which Plaintiff replied that it was none of Mr. Younger's business. Allegedly, Mr. Younger then commented, "is that how you want to play it?" and

walked away. Plaintiff asserted that he believed the "is that how you want to play it?" comment was racially discriminatory and that his August 12, 2012 complaint to his second-line supervisor about the behavior constituted protected activity.

On September 30, 2020, the Court granted Defendant's motion, thereby precluding Plaintiff from arguing that he engaged in protected activity prior to September 24, 2012. (Doc. 115.) The Court explained that, in order for a plaintiff's behavior of engaging in opposition to an employer's allegedly discriminatory practices to constitute protected activity, the plaintiff must hold an "*objectively reasonable belief*, in good faith, that the activity that they oppose is unlawful under Title VII." (*Id.* at 2 (emphasis added) (citing *Clark Cty. v. Breeden*, 532 U.S. 268, 271 (2001); *Taylor v. ScottPolar Corp.*, 995 F. Supp. 1072, 1077 (D. Ariz. 1998)). Applying the facts, the Court concluded that, as a matter of law, "[n]o reasonable person could have believed that the Title VII race discrimination provision was implicated by Mr. Young's comment." (*Id.*) On October 13, 2020, Plaintiff filed a motion for certification for interlocutory appeal, which seeks to certify two issues: (1) whether "threatening to file a discrimination complaint constitute[s] the protected activity of opposition under Title VII" and (2) whether "the facts creating the basis of [Plaintiff's] disclosure constitute a good faith belief of discrimination under Title VII." (Doc. 116 at 4.) The motion is now ripe.

**II. Legal Standard**

Federal appeal courts have jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. However, an appellate court may also have jurisdiction to hear an appeal of an otherwise non-appealable district court order in rare circumstances in which "a district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). Section 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1098 n.6 (9th Cir. 2002). "While

interlocutory appeals are available for a limited number of orders which do not finally determine the merits of an action, no interlocutory appeal of a pretrial ruling on the admissibility of evidence is available." *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342 (9th Cir. 1985) (citations omitted).

**III. Discussion**

Certification for interlocutory appeal is inappropriate for several reasons. To begin, the Ninth Circuit does not have jurisdiction to entertain Plaintiff's challenge to the Court's ruling on a motion in limine. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) ("No exception to the final decision rule of 28 U.S.C. § 1291 exists under which we may review the district court's *in limine* ruling.") Even if it did, the first of two issues that Plaintiff wants to certify—whether "threatening to file a discrimination complaint constitute[s] the protected activity of opposition under Title VII"—is not an issue that the Court addressed in its September 30, 2020 order. *See Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 209 (D.N.J. 1996), *aff'd* 141 F. 3d 1154, *cert denied*, 525 U.S. 814 (1998) (rejecting certification where "Plaintiff [] asked th[e] court to certify for interlocutory appeal a question that it did not decide"). Rather, the Court discretely addressed whether, under the circumstances, an objectively reasonable person could have believed that Mr. Younger's treatment of Plaintiff violated Title VII such that his complaints to his supervisor could be deemed opposition to discriminatory practices. The Court did not address whether merely making a statement of possible intent to file an EEO complaint, as opposed to filing one, constitutes protected activity.

The second issue—whether "the facts creating the basis of [Plaintiff's] disclosure constitute a good faith belief of discrimination under Title VII"—is not a question of law, let alone a controlling question of law, and thereby fails to meet § 1292(b)'s requirements. *See Surf City Steel, Inc. v. Int'l Longshore & Warehouse Union*, CV 14-05604-BRO (SSx), 2016 WL 10637079, at *7 (C.D. Cal. Dec. 28, 2016) (citation omitted) ("The issue certified for interlocutory appeal must be 'of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than a reexamination of the facts or application

of the law to the case."); *Porter v. Mabus*, No. 1:07-CV-0825 AWI SMS, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (citation omitted) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts."). Here, the legal standard for determining whether opposition clause protection applies is well-settled. *See Moyo v. Gomez*, 40 F.3d 982, 984-95 (9th Cir. 1994) (emphasis added) (protection will be accorded "whenever the opposition is based on a '*reasonable belief*' that the employer has engaged in an unlawful employment practice."); *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("the opposition clause, by its terms, protects only those employees who oppose what they reasonably perceive as discrimination under the Act."). Regardless, Plaintiff does not seek to certify a legal question, such as whether he must have possessed a reasonable belief of discriminatory treatment in order to qualify for opposition clause protection. Rather, he wishes to certify whether the *facts applied to the law* could support a finding that he possessed a good faith belief[1] that he was discriminated against. Because Plaintiff does not intend to certify a legal question addressed by the Court's September 30, 2020 order, certification is improper.

Furthermore, Plaintiff has not established that substantial grounds for difference of opinion exist, failing to cite any Ninth Circuit case that challenges the objective reasonableness standard that applies to the opposition clause. *See Matsunoki Grp., Inc. v. Timberwork Or., Inc.*, No. C 08-04078 CW, 2011 WL 940218, at *3 (N.D. Cal. Feb. 18, 2011) (denying certification and explaining that no substantial grounds for disagreement were established where the certifying party had "not identified any lack of precedent within the Ninth Circuit [] in support of its motion for certification."). Finally, an interlocutory appeal is unlikely to materially advance the ultimate termination of this litigation. On the contrary, certification—which, regardless of its outcome, would not significantly reduce the matters at issue in this case—may delay resolution. Trial has already been postponed twice in this matter due to guidance and restrictions set forth in the district's general orders

---

[1] Plaintiff's acknowledgment of the objective reasonableness requirement is conspicuously absent.

addressing the COVID-19 pandemic, but the matter is set to move forward on May 4, 2021. (Doc. 121.) It is uncertain whether the Court of Appeals could rule in less than six months considering the current pandemic-induced strain on the courts. Therefore, it is possible or even likely that certification would force the Court to reschedule the trial a third time. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear certified appeal in part because the decision of the Ninth Circuit might issue after the scheduled trial date). For these reasons,

**IT IS ORDERED** that Plaintiff's motion for certification for interlocutory appeal (Doc. 116) is **DENIED.**

Dated this 19th day of November, 2020.

Douglas L. Rayes
United States District Judge